1         **UNITED STATES DISTRICT COURT**

2              **DISTRICT OF NEVADA**

3   **THE HONORABLE JAMES C. MAHAN, JUDGE PRESIDING**

4

5   MEGAN KRAINSKI,

6          Plaintiff,           **NO. 2:08-CV-0417-JCM-GWF**

7   
    STATE OF NEVADA EX. REL.
8   BOARD OF REGENTS OF THE
    NEVADA SYSTEM OF HIGHER
9   EDUCATION, et al.,          **MOTION HEARING**

10         Defendants.
    _____/
11

12

13

14       **REPORTER'S TRANSCRIPT OF PROCEEDINGS**

15            WEDNESDAY, OCTOBER 15, 2008

16                   10:00A.M.

17

18  **APPEARANCES:**

19  For the Plaintiff:    SUSAN CARRASCO, ESQ.

20  For the Defendants:   CHRISTIAN GABROY, ESQ.

21

22

23

24  Reported by:  Joy Garner, CCR 275
                  Official Federal Court Reporter
25

```
 1    LAS VEGAS, NEVADA, WEDNESDAY, OCTOBER 15, 2008
 2                        10:00 A.M.
 3                         *   *   *
 4                   P R O C E E D I N G S
 5
 6         THE CLERK:  This is the time set for
 7   the hearing of defendants' motion to dismiss
 8   third party complaint, Civil Case Number
 9   2:08-CV-0417-JCM-GWF, Megan Krainski versus State
10   of Nevada, and all others.
11                  Counsel, please note your
12   appearance for the record.
13         THE COURT:  Mr. Gabroy?
14         MR. GABROY:  Christian Gabroy for
15   third -- party plaintiff, Kenya Polee.
16         THE COURT:  Thank you.  Ms. Carrasco?
17         MS. CARRASCO:  Susan Carrasco on behalf
18   of the university along with Yvonne Scott
19   Williams who is named as the third party
20   defendant.
21         THE COURT:  All right.  Thank you.  You
22   may be seated.
23                  I've reviewed this with my brain
24   trust and let me tell you what I'm inclined to
25   do, and then I'll give you a chance to argue.
```

1  And this is really related to the hearings that
2  we had yesterday, but it seems to me -- and this
3  is the time set, by the way, on the hearing on
4  UNLV's motion to dismiss third party complaint --
5  but again it seems to me that the university is
6  entitled to -- there is an instrumentality of the
7  state and so this is barred by the Eleventh
8  Amendment.
9              Also, I'm not -- I don't see
10 that it is really a proper third party claim
11 which is why I dismissed the coach out, but I
12 mean the primary thing I think is the Eleventh
13 Amendment.  So what I'm inclined to do is grant
14 the motion.
15         MR. GABROY:  Real quickly because we're
16 going to have an issue then, what I ask then is
17 jurisdictional grounds so we get the procedure
18 correct.  You noted in your order the
19 jurisdictional question that we have.  I abide by
20 that order, Judge.  After reviewing the rules,
21 speaking with counsel, speaking with other
22 members of the bar, it should have been brought
23 as a cross claim pursuant to 13(h) with a
24 joinder.
25         THE COURT:  When you say a cross claim,

```
 1   say a counterclaim.
 2              MR. GABROY:  Well, the problem is that
 3   because I named an individual defendant, then
 4   that should have been joined as a cross claim.
 5              THE COURT:  Oh, I see what you are
 6   saying.  Okay, I'm sorry because you're right,
 7   you're exactly right, it should be a cross claim,
 8   yeah.
 9              MR. GABROY:  So, Judge, we're not
10   asking -- if we're going to look at the merits of
11   the third party complaint, that I have leave to
12   amend the caption as a cross claim for issues of
13   appeal.
14              THE COURT:  I understand.  What I'm
15   inclined to do is simply just to say it's barred
16   on the basis of sovereign immunity on the
17   Eleventh Amendment.
18              MR. GABROY:  Okay, without addressing
19   the procedural --
20              THE COURT:  Absolutely, but I mean
21   that's almost like icing on the cake, Mr. Garboy,
22   or whatever, a cherry on top of the sundae, or
23   however you want to put it.  I mean the primary
24   reason is the -- you know, I want to be
25   consistent with the ruling I made yesterday.
```

1           MR. GABROY:  Okay.
2           THE COURT:  And so if you want me to
3  limit the ruling today just for that, I'm glad to
4  do that and say it's barred based on the Eleventh
5  Amendment.
6           MR. GABROY:  And then also say we can
7  amend it as a cross claim.
8           THE COURT:  Pardon me?
9           MR. GABROY:  So we can amend it as a
10 cross claim.
11          THE COURT:  Well, no, then you're out.
12 I mean it's out because of the -- I don't have
13 jurisdiction anymore.  You could bring it in
14 state court I suppose, whatever you wanted to do
15 then in state court.
16          MR. GABROY:  Or to file as a separate
17 action.
18          THE COURT:  File a new lawsuit if you
19 want if you feel you've got grounds for it.
20          MR. GABROY:  In federal court then?
21          THE COURT:  Yes, some basis in federal
22 court, then you could file a lawsuit, sure, or
23 state court.
24          MR. GABROY:  Because I think that's
25 what I prefer to do that if we can dismiss it on

1  jurisdictional grounds saying that the third
2  party complaint brought improper and, therefore,
3  the case is gone and I can file it as a separate
4  original action in federal court.
5         THE COURT:  Well, what I'm inclined to
6  do is to grant their motion based on the Eleventh
7  Amendment on sovereign immunity and then it's
8  gone from here.
9         MR. GABROY:  Okay.
10         THE COURT:  Now, you can re-file it
11  wherever you want to.  You can re-file in state
12  court if you feel you have state claims, and
13  that's fine, or if you feel you have a federal
14  claim, you can file it in federal court.
15         MR. GABROY:  Well, the problem is that
16  I don't know if res judicata issues would take me
17  up taking you up to the Ninth Circuit and then
18  coming back down if we already have the separate
19  action filed in federal court, so what I'm asking
20  for is either one or the other.  We either
21  dismiss it on its merits and consider a cross
22  claim that is brought proper, or we dismiss it
23  for jurisdictional grounds saying that the third
24  party complaint is improper and have the right to
25  re-file as a separate action in federal court.

1           THE COURT:  But what would be the
2   reason for doing that?
3           MR. GABROY:  It's so that if we get up
4   to the Ninth Circuit.
5           THE COURT:  But I mean if you're going
6   to appeal my ruling, appeal it up, and God bless
7   you.  I mean that's why God created San Francisco
8   was so you could appeal, so go to San Francisco,
9   you know, with my blessing, but again for me to
10  be consistent, I'd say that it's barred by the --
11          MR. GABROY -- the Eleventh Amendment.
12          THE COURT:  -- the ruling I made
13  yesterday, and you're out.
14          MR. GABROY:  Okay.
15          THE COURT:  And just so I understand,
16  so I say you are out, now assume that I say
17  instead of that, I say, well, this is not a
18  proper third party complaint, you should have
19  brought it as a cross claim.  So it's not a
20  proper third party complaint, it's dismissed, how
21  does that help you?
22          MR. GABROY:  Because that's only
23  jurisdictional grounds.  That's not based on the
24  merits, and I have the right to re-file as a
25  separate action.

1    THE COURT: But I mean why prolong
2 this? In other words, if, in fact, your cross
3 claim third party complaint counterclaim,
4 whatever you want to call it, is barred by the
5 Eleventh Amendment, why not that's the grounds
6 and then appeal it to the Ninth Circuit?
7    MR. GABROY: Because I don't want to
8 get to the Ninth Circuit and then to rule
9 jurisdictional grounds without getting to the
10 merits. What I don't want to happen is I don't
11 want the Ninth Circuit to refuse to address the
12 merits and say it's improper anyways, file a
13 separate action, and then we'll be back to base
14 one.
15    THE COURT: I don't know. I just don't
16 see the Ninth Circuit saying, you know, no, this
17 is not a proper cross claim, so we're going to do
18 that, and I'm going to address the merits.
19    MR. GABROY: Well, that's what I'm
20 afraid of and then we're back -- we're back right
21 down here for that same issue that we didn't
22 resolve today if I have the right to amend it to
23 a cross claim, and it's dismissed on the Eleventh
24 Amendment grounds.
25    THE COURT: Oh, so what you want to do

```
 1   is you want to call it a cross claim and then --
 2   but I mean I don't think -- I mean assume that I
 3   give you leave to do that, it's still dismissed.
 4            MR. GABROY:  But it's still -- it still
 5   prevents the Ninth Circuit from saying this is an
 6   improperly titled third party complaint and you
 7   have to file a separate action.
 8            THE COURT:  Do you have any difficulty
 9   if I construe this as a cross claim and dismiss
10   it on the Eleventh Amendment?  That's what you're
11   seeking then.
12            MR. GABROY:  That's right.
13            THE COURT:  Just for me to consider
14   this as a cross claim, it's not a proper third
15   party complaint.
16            MR. GABROY:  Right.
17            THE COURT:  Even considering it as a
18   cross claim, then it's still out on the basis of
19   the Eleventh Amendment.
20            MS. CARRASCO:  So the Court would be
21   ruling --
22            THE COURT:  And come on up.  It doesn't
23   matter because this is not a heated hearing, so
24   it's not like we need to separate you two.
25            MS. CARRASCO:  Okay.
```

1           THE COURT:  Ms. Carrasco, come on up.
2   Is there any problem if I say even considering
3   this as a cross claim, it's out based on
4   sovereign immunity that UNLV is a state
5   instrumentality and is entitled to sovereign
6   immunity.
7           MS. CARRASCO:  Right, your Honor, and I
8   think that is acceptable.  The Court has
9   indicated that it's inclined to grant the motion
10  to dismiss based on the Eleventh Amendment
11  sovereign immunity, but there are -- he has
12  alleged claims against the university but also
13  Yvonne Scott Williams.  So would the Court --
14          THE COURT:  Is that the one I granted
15  previously?  I granted one previously because
16  that was not a proper cross claim.  She's out I
17  believe.  Is that the track coach?
18          MS. CARRASCO:  This is the track coach,
19  but the Court ruled on their motion for
20  preliminary injunction filed by the plaintiff and
21  did rule that it was an improper third party
22  complaint, but our motion to dismiss the
23  university did address the university as well as
24  Yvonne Scott Williams.  So I just wanted to sort
25  of make sure that I was clear that the Court is

```
 1   indicating Eleventh Amendment immunity --
 2   sovereign immunity as to the university.  And
 3   then what about Yvonne Scott Williams?
 4               THE COURT:  I thought she was out.
 5               MS. CARRASCO:  Okay, so the Court's
 6   prior order that she --
 7               THE COURT:  Dismissed her I thought.
 8               MR. GABROY:  Judge --
 9               THE COURT:  Considering this, so here's
10   the order is that I find that even considering a
11   cross claim, that UNLV is entitled to sovereign
12   immunity and so I would dismiss it.  So I dismiss
13   it.
14               MR. GABROY:  So we can consider the
15   individual defendant as a cross defendant, not as
16   a third party.
17               THE COURT:  Well, except I already
18   dealt with her, though.  I believe she was
19   dismissed out.
20               MR. GABROY:  It was only on a motion
21   for preliminary injunction, nothing with a
22   dismissal of the claim, Judge.
23               MS. CARRASCO:  I have the order, your
24   Honor.
25               THE COURT:  Yeah, let me see the order
```

```
 1  because I thought I dismissed her out.
 2            MS. CARRASCO:  May I approach?
 3            THE COURT:  Sure, just hand it right
 4  there.  (Reading.)  Well, she was sued in -- she
 5  being the track coach -- Williams was sued in her
 6  official capacity, correct?
 7            MS. CARRASCO:  As well as her
 8  individual capacity, your Honor, in the third
 9  party complaint brought by --
10            THE COURT:  (Reading.)  I mean I think
11  I'd rather, if you want to dismiss her, on the
12  basis that you never had proper authority to join
13  her as a party to the cross claim.
14            MR. GABROY:  I think, Judge, I think
15  that's a better choice so I can go ahead and I
16  can file an original separate action against her
17  individually in federal court.
18            THE COURT:  Well, that's what I don't
19  want to do, though.  I don't want to just
20  multiply this out and out and out.  In other
21  words, I can dismiss the cross claim against the
22  university based on the Eleventh Amendment.  And
23  considering this as a cross claim against the
24  track coach, Ms. Williams, you never sought
25  authority under Rule 13(h) to join her, and so I
```

1   could grant it on that basis.
2           MR. GABROY:  And then, Judge, what I
3   would like then is --
4           THE COURT:  But I mean then you're free
5   to appeal the whole thing up to the Ninth
6   Circuit.
7           MR. GABROY:  Well, then I would like
8   leave to amend it as a cross claim then.
9           THE COURT:  But that's -- even if I
10  consider it as a cross claim, that's what I'm
11  saying.
12          MR. GABROY:  Even if we consider it as
13  a cross claim, it should be dismissed on the
14  Eleventh Amendment.
15          THE COURT:  On the Eleventh Amendment
16  and also because considering it as a cross claim,
17  Williams was not a party to this, correct?
18          MR. GABROY:  That's correct, Judge.
19          THE COURT:  So in order to join her as
20  a party unlike on a cross claim, you have to have
21  sought leave of Court -- give that back to Ms.
22  Carrasco, please -- you would have had to seek
23  leave of Court under Rule 13(h), correct?
24          MR. GABROY:  That's correct, Judge.
25          THE COURT:  And you didn't do that.

```
 1            MR. GABROY:  That's correct, Judge.
 2            THE COURT:  So I'm dismissing on that
 3   basis.
 4            MR. GABROY:  Then, Judge, the Court
 5   then considers it as a cross claim for purposes
 6   of appeal?
 7            THE COURT:  Well, that's not for me to
 8   say.  Considering it as a cross claim, it's
 9   improper under the -- against UNLV because of the
10   Eleventh Amendment, against Ms. Williams because
11   you never sought leave of Court to join her under
12   13(h).
13            MR. GABROY:  And, Judge, that's why I
14   ask leave to amend it as a cross claim now so we
15   can take it all up.
16            THE COURT:  But I'm saying considering
17   it as a cross claim, why do you want to amend it?
18            MR. GABROY:  So we don't get to the
19   Ninth Circuit and then --
20            THE COURT:  But I mean I'm saying
21   considering it as a cross claim, you never sought
22   leave of Court, so it's out.  The whole thing is
23   dismissed.  It's gone.
24            MR. GABROY:  Okay, and then so we can
25   have for purposes of appeal ask --
```

1          THE COURT:  I don't know anything about
2     appeal.  I'm not going to touch that.  I can't
3     foresee everything and try to cover everything,
4     but the cross claim is out.  And I mean your
5     cross claim, third party complaint, considering
6     it as a cross claim, it's out.  As a third party
7     complaint, it's out.
8          MR. GABROY:  Okay.
9          THE COURT:  Okay?  It's out on the
10    cross claim because -- even if I consider it a
11    cross claim, which you are asking me to do, then
12    the and university is still entitled to dismiss
13    under the Eleventh Amendment and Ms. Williams is
14    never joined -- was never properly joined as a
15    cross-claimant or as a -- what do they call them?
16    An additional party on the cross claim.  So it's
17    out on that basis, all right?
18         MR. GABROY:  All right.  Would the
19    common law claims with the state claims that we
20    have as well, including the state claims against
21    UNLV, all right, you are not going to address
22    those -- dismissing those out?
23         THE COURT:  No, no, I'm not touching
24    the state claims.  I'm saying there's not federal
25    jurisdiction and I decline jurisdiction over the

```
 1  state claims, all right?
 2               Can you prepare an order, Ms.
 3  Carrasco, and submit it, please?
 4        MS. CARRASCO:  Yes, sir.
 5        THE COURT:  All right.
 6        MS. CARRASCO:  Thank you.
 7        MR. GABROY:  Thank you, Judge.
 8        THE COURT:  Thank you.
 9
10       (Whereupon, the proceedings concluded.)
11
12
13               I hereby certify that pursuant
    to Section 753, Title 28, United States Code, the
14  foregoing is a true and correct transcript of the
    stenographically reported proceedings held in the
15  above-entitled matter.
16
17  Date:  October 17, 2008           /s/ Joy Garner
                                    JOY GARNER, CCR 275
18                                  U.S. Court Reporter
19
20
21
22
23
24
25
```